**McCARTHY & HOLTHUS, LLP**
James M. Hester, Esq. (SBN: 122133)
Melissa Robbins, Esq. (SBN: 246723)
Anna Marie Farrales, Esq. (SBN: 263676)
1770 Fourth Avenue
San Diego, CA 92101
Telephone: (619) 685-4800
Facsimile: (619) 685-4811

Attorneys for Defendant,
OneWest Bank, FSB, as successor in interest to certain assets and liabilities of Indymac Bank, FSB

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE MANZANO, an Individual; and MARICEL MANZANO, an Individual, <br><br> Plaintiffs, <br><br> v. <br><br> ONEWEST BANK, FSB as successor by acquisition of IndyMac Federal Bank, a Federal Savings Bank; and DOES 1 through 50, inclusive, <br><br> Defendants. | Case No. CV10-277-JFW (PLAx) <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)** <br><br> Date: March 1, 2010 <br> Time: 1:30 p.m. <br> Ctrm: 16 <br> Judge: Hon. John F. Walter |

**POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**

CA10-99

# **TABLE OF CONTENTS**

SUMMARY OF THE ARGUMENT ..................................................................................................1

FACTUAL BACKGROUND...............................................................................................................1

POINTS & AUTHORITIES.................................................................................................................2

    I.    A MOTION TO DISMISS PURSUANT TO RULE 12(B)(6) MUST BE GRANTED WHEN THE COMPLAINT FAILS TO SHOW THE PLAINTIFF IS ENTITLED TO RELIEF. ..................................................................................................................2

    II.    PLAINTIFFS' COMPLAINT MUST BE DISMISSED IN ITS ENTIRETY FOR FAILURE TO STATE A CLAIM. ..................................................................................3

    A.    PLAINTIFFS' First Cause Of Action For Rescission Fails To State A Claim For Which Relief May Be Granted. ........................................................................................3

        B.    PLAINTIFFS' Second Cause Of Action For Unlawful And Unfair Business Practices In Violation Of California Business And Professions Code § 17200 Fails To State A Claim For Which Relief May Be Granted. ..................................... 6

        C.    PLAINTIFFS' Third Cause Of Action For Preliminary/Permanent Injunction Fails To State A Claim For Which Relief May Be Granted. ..................................... 8

CONCLUSION...................................................................................................................................10

McCARTHY & HOLTHUS, LLP
ATTORNEYS AT LAW
1770 FOURTH AVENUE
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 685-4800 FACSIMILE (619) 685-4811

# **TABLE OF AUTHORITIES**

## **Cases**

Alan Neuman Prods., Inc. v. Albright
  862 F.2d 1388, 1392 (9th Cir. 1988) ................................................................... 13

Balistreri v. Pacifica Police Dept.
  901 F.2d 696, 699 (9th Cir. 1990) ......................................................................... 3

Bell Atlantic v. Twombly
  550 U.S. 544, 127 S. Ct. 1955, 1965 (2007) ......................................................... 3

Chaudhry v. Gallerizzo
  174 F.3d 394 (1999) ............................................................................................ 10

Ducrest v. Alco Collections, Inc.
  931 F.Supp. 459 (M.D. La. 1996) ......................................................................... 9

Efron v. Embassy Suites (P.R.), Inc.
  223 F.3d 12, 20 (1st Cir. 2000) ........................................................................... 13

Federal Trade Commission v. Klesner
  280 U.S. 19, 25 (1929). ....................................................................................... 12

Homestead Sav. v. Darmiento
  230 Cal. App. 3d 424 (1991) ................................................................................ 7

Hulse v. Ocwen Fed. Bank
  FSB, 195 F. Supp. 2d 1188, 1204 (D. Or. 2002) .................................................. 9

I.E. Assocs. v. Safeco Title Ins. Co.
  39 Cal.3d 281 (Cal. 1985) ..................................................................................... 7

Jones v. ABN AMRO Mortgage Group, Inc.
  551 F. Supp. 2d 400, 411 (E.D. Pa. 2008) .......................................................... 10

Lopez v. GMAC Mortg. Corp.
  2007 U.S.Dist. LEXIS 84004 (N.D. Cal. Nov. 1, 2007) ..................................... 10

Major Miraverde Homeowners Ass'n Inc.
  7 Cal. App. 4th 618 (1992) .................................................................................... 8

Marks v. Chicoine
  No. C 06-06806 SI 2007 WL 1056779 (N.D. Cal. Apr. 6, 2007) ................. 11, 12

Marks v. Chicoine
  No. C 06-06806 SI, 2007 WL 160992 (N.D. Cal. Jan. 18, 2007) ....................... 11

Moeller v. Lien
  25 Cal. App. 4th 822 (1994) .................................................................................. 7

Pyramid Securities Ltd. v. IB Resolution, Inc.
  924 F.2d 1114, 1116 (D.C. Cir. 1991) ................................................................ 13

McCARTHY & HOLTHUS, LLP
ATTORNEYS AT LAW
1770 FOURTH AVENUE
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 685-4800 FACSIMILE (619) 685-4811

Residential Capital v. Cal-Western Reconveyance Corp.
   108 Cal.App. 4th 807, 826 (Cal.App. 4th Dist. 2003) ............................................... 7

Sedima, S.P.R.L. v. Imrex Co.
   473 U.S. 479 (1985) ................................................................................................ 13

Shell Oil v. Richter.
   52 Cal. App. 2d 164 (1942) ...................................................................................... 8

Smith v. Transworld Systems, Inc.
   953 F.2d 1025 (6th Cir. 1992) .................................................................................. 9

Sprewell v. Golden State Warriors
   266 F.3d 979, 988 (9th Cir. 2001) ............................................................................ 3

Swartz v. KPMG LLP
   476 F.3d 756, 763 (9th Cir. 2007) ............................................................................ 3

Western Assocs. Ltd. P'shp. v Market Square Assocs.
   235 F.3d 629, 637 (D.C. Cir. 2001) ........................................................................ 13

**Statutes**

12 USCA §2605 ............................................................................................................ 11

12 USCS § 2601 ............................................................................................................ 11

15 U.S.C. § 1602 ............................................................................................................ 11

15 U.S.C. § 1639 ............................................................................................................ 11

15 U.S.C. § 1640 ............................................................................................................ 12

15 U.S.C. § 1640(e). ...................................................................................................... 12

15 U.S.C. § 45 ................................................................................................................ 12

California Civil Code Section 1788 ................................................................................ 9

California Civil Code Section 2824f .............................................................................. 6

California's Civil Code Section 2934 ............................................................................. 6

California's Code of Civil Procedure Section 1060 ....................................................... 4

McCARTHY & HOLTHUS, LLP
ATTORNEYS AT LAW
1770 FOURTH AVENUE
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 685-4800 FACSIMILE (619) 685-4811

Defendant ONEWEST BANK, FSB, AS SUCCESSOR IN INTEREST TO CERTAIN ASSETS AND LIABILITIES OF INDYMAC BANK, FSB, erroneously sued as ONEWEST BANK, FSB AS SUCCESSOR BY ACQUISITION OF INDYMAC FEDERAL BANK, A FEDERAL SAVINGS BANK ("ONEWEST"), respectfully submits the following Memorandum of Points and Authorities in Support of its Motion to Dismiss Plaintiffs GEORGE MANZANO and MARICEL MANZANO's ("PLAINTIFFS") Complaint pursuant to Rule 12(b)(6).

## SUMMARY OF THE ARGUMENT

PLAINTIFFS claim that despite their default on their mortgage loan payments, they are entitled to rescind the loan pursuant to the Federal Truth in Lending Act. PLAINTIFFS also seek to enjoin ONEWEST from completing the nonjudicial foreclosure process and selling the property. However, PLAINTIFFS lack standing to bring *any* cause of action, as they have completely failed to allege the present ability to tender the outstanding balance on the loan. Additionally, none of the asserted causes of action is supported by facts that would state a claim against ONEWEST. For these reasons, and the reasons discussed in detail below, the Court should grant the Motion to Dismiss as to each cause of action in PLAINTIFFS' Complaint.

## FACTUAL BACKGROUND

On February 28, 2007, PLAINTIFFS borrowed $472,000.00 from Indymac Bank, FSB; the loan was secured by a Deed of Trust to real property commonly known as 941 S. Pima Avenue, West Covina, CA 91790 ("Subject Property"). (Req. for Judicial Notice Ex. A.) The beneficiary under the Deed of Trust was Mortgage Electronic Registration Systems, Inc. (Req. for Judicial Notice Ex. A at 1.) The Note and Deed of Trust were later assigned to ONEWEST. (Req. for Judicial Notice Ex. C.)

PLAINTIFFS failed to repay the indebtedness as required, so on June 17, 2009, Quality Loan Service Corporation ("Quality"), as the agent for the beneficiary

of the Deed of Trust, commenced nonjudicial foreclosure against the Subject Property by recording and serving a Notice of Default and Election to Sell Under Deed of Trust. (Req. for Judicial Notice Ex. B.) The Notice indicated that as of June 15, 2009, the accrued arrears on the loan totaled $8,890.75. (Id.) Quality was also substituted in as the Trustee under the Deed of Trust. (Req. for Judicial Notice Ex. D.)

PLAINTIFFS failed to cure the default on the loan, so on September 18, 2009, Quality issued a Notice of Trustee's Sale of the Subject Property, which was recorded on September 21, 2009. (Req. for Judicial Notice Ex. E.) The Complaint in this action was filed in California Superior Court on October 2, 2009. On January 14, 2010, ONEWEST removed the case to this Court.

## POINTS & AUTHORITIES

### I. A MOTION TO DISMISS PURSUANT TO RULE 12(B)(6) MUST BE GRANTED WHEN THE COMPLAINT FAILS TO SHOW THE PLAINTIFF IS ENTITLED TO RELIEF.

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a Defendant to bring a motion to test the legal sufficiency of the allegations in a complaint. Such a motion should be granted when the Plaintiff's allegations, taken as true, do not entitle the Plaintiff to the relief sought in the complaint. A dismissal pursuant to Rule 12(b)(6) is required where the complaint lacks a "cognizable legal theory" or does not plead facts sufficient to support a cognizable theory. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990). The complaint must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007) (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). Instead, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level . . . ." Id.

In ruling on a 12(b)(6) motion to dismiss, the Court may consider "allegations contained in the pleadings, exhibits attached to the complaint, and

matters properly subject to judicial notice." Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007). But the Court need not accept unreasonable inferences or "conclusory, unwarranted deductions of fact" cast in the form of factual allegations. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). Since PLAINTIFFS' Complaint fails to show that PLAINTIFFS are entitled to relief, the Court must grant this motion.

## II. PLAINTIFFS' COMPLAINT MUST BE DISMISSED IN ITS ENTIRETY FOR FAILURE TO STATE A CLAIM.

PLAINTIFFS' Complaint asserts three causes of action but fail to support any of them with the required factual detail. Instead, PLAINTIFFS allege in the vaguest possible terms that ONEWEST is liable for violating the Truth in Lending Act and California Business and Professions Code § 17200. None of the asserted causes of action allege facts that would "raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. Because the Complaint does not sufficiently allege facts that would put ONEWEST on notice of the claims asserted against it, and because PLAINTIFFS' claims are barred as a matter of law, ONEWEST requests that the Court order the Complaint dismissed in its entirety.

### A. PLAINTIFFS' First Cause Of Action For Rescission Fails To State A Claim For Which Relief May Be Granted.

PLAINTIFFS allege that because of violations of the Truth in Lending Act ("TILA") and Regulation Z, they are entitled to rescind the consumer credit transaction and receive a tender of amounts paid pursuant to the consumer credit transactions as damages. (Compl. ¶ 18.) However, PLAINTIFFS fail to state a cause of action for rescission under TILA because they have not demonstrated an ability to tender. Moreover, because the statute of limitations has expired, PLAINTIFFS cannot state a claim for damages under TILA.

#### 1. PLAINTIFFS have not demonstrated an ability to tender

PLAINTIFFS' TILA claim fails to state a cause of action because Plaintiffs have not demonstrated the ability to tender the balance due on the Note. Nowhere

in the Complaint do PLAINTIFFS allege that they attempted or completed a tender of the full amount owed on the Note. There is a maxim in the context of foreclosures known as the "tender rule." In order to rescind a security instrument, the borrower must tender the full amount owed with an intent to extinguish the obligation. Arnolds Mgmt. Corp. v. Eishen, 158 Cal. App. 3d 575, 580 (1984). If a borrower who has defaulted on her payments asks the Court to exercise its equitable powers to stop or set aside foreclosure proceedings, the borrower must first do equity herself. Id. at 578-79; Meetz v. Mohr, 141 Cal. 667, 673 (1904) ("One who seeks equity must do equity."). Without having "done equity" by tendering the obligation in full, PLAINTIFFS lack standing to stop the foreclosure sale.

California courts have expanded the application of the tender rule to "any cause of action" that is based upon allegations of wrongful foreclosure or that seeks redress from foreclosure. Abdallah v. United Sav. Bank, 43 Cal. App. 4th 1101, 1109 (1996) (in affirming the trial court's sustaining of demurrer without leave to amend, appellate court explained that the tender rule applies to "any cause of action for irregularity in the sale procedure"); United States Cold Storage v. Great W. Sav. & Loan Ass'n, 165 Cal. App. 3d 1214, 1225 (1985) (affirming judgment of nonsuit); Arnold Mgmt. Corp., 158 Cal. App. 3d at 579 (affirming sustaining of demurrer without leave to amend on claims of wrongful foreclosure, fraud, and negligence relating to defective notice of foreclosure sale). The tender rule is strictly applied, (Nguyen v. Calhoun, 105 Cal. App. 4th 428, 439 (2003)), and, absent an alleged and actual tender, the Complaint in its entirety fails to state a cause of action. Karlsen v. Am. Sav. & Loan Ass'n., 15 Cal. App. 3d 112 (1971); Abdallah, 43 Cal. App. 4th at 1109.

Similar to the California state authorities cited above, rescission under TILA also requires tender of the obligations owing on the loan. The Ninth Circuit and other courts have held that as a prerequisite for rescission, the court may require the borrower to have the ability and capacity to pay back what she received (less

interest, finance charges, etc.) before going through the empty (and expensive) exercise of trial on the merits to determine whether rescission is permitted under the facts of the particular case. See, e.g., Yamamoto v. Bank of New York, 329 F.3d 1167, 1173 (9th Cir. 2003) (citing Palmer v. Wilson, 502 F.2d 860, 862-63 (9th Cir. 1974)); Hughes Dev. Co., 938 F.2d 889, 890 (8th Cir. 1991) (finding district court did not err in conditioning rescission on tender of $100,000 principal); Bustamante v. First Fed. Sav. & Loan Ass'n., 619 F.2d 350, 365 (5th Cir. 1980) (finding creditor's TILA obligations were not automatically triggered until obligor tendered repayment); In re Wepsic 231 B.R. 768, 776 (Bankr. S.D. Cal. 1998) (conditioning "the benefits of rescission" on the borrower's tender of "her duty of repayment under the statute").

Rescission requires the unconditional offer of payment coupled *with the borrower's present ability to perform.* See Yamamoto, 329 F.3d at 1173 (granting summary judgment for defendants where plaintiff could not comply with requirement to tender principal even if grounds for rescission existed). Notably, getting a loan is not the borrower's present ability to perform. Karlsen v. American Savings & Loan Assoc. 15 Cal. App. 3d 112, 121 (1971). PLAINTIFFS have not tendered, nor have they offered to tender, the full amount owing on their loan. Because PLAINTIFFS cannot meet their obligations by paying the principal if ONEWEST were to release its lien, PLAINTIFFS have not and cannot rescind their mortgage loan.

### 2. The statute of limitations has expired for PLAINTIFFS' damages

PLAINTIFFS also allege they are entitled to damages pursuant to TILA. This claim, however, is time-barred. A plaintiff seeking damages under TILA must file suit within one year of the date of the alleged violation. 15 U.S.C. § 1640(e). As noted in Meyer v. Ameriquest Mortgage Co.,

/ / / /

> The failure to make the required disclosures occurred, if at all, at the time the loan documents were signed. The Meyers were in full possession of all information relevant to the discovery of a TILA violation and section 1640(a) damages claim on the day the loan papers were signed. The Meyers have produced no evidence of undisclosed credit terms or of fraudulent concealment or other action on the part of Ameriquest that prevented the Meyers from discovering their claim.

Meyer v. Ameriquest Mortgage Co., 342 F.3d 899, 901 (9th Cir. 1971); see also Tucker v. Beneficial Mortg. Co., 437 F. Supp. 3d 584, 589 (E.D. Va. 2006) ("If the violation is one of disclosure in a closed-end credit transaction, the date of the occurrence of the violation is no later than the date the plaintiff enters the loan agreement." (internal quotation omitted)).

Any claim PLAINTIFFS might have asserted based on the alleged failures to make disclosures in connection with the origination of their mortgage are subject to TILA's one-year statute of limitations. The Note and Deed of Trust are dated February 28, 2007. (Req. for Judicial Notice Ex. A.) However, the Complaint in this case was not filed until October 2, 2009, nearly two years after the statute of limitations expired. Consequently, PLAINTIFFS are barred from bringing a cause of action under TILA for damages.

### B. PLAINTIFFS' Second Cause Of Action For Unlawful And Unfair Business Practices In Violation Of California Business And Professions Code § 17200 Fails To State A Claim For Which Relief May Be Granted.

PLAINTIFFS' Unfair Business Practices Claim, as stated, is based upon § 17200 of the California Business and Professions Code. This section provides private causes of action involving unlawful, unfair, and fraudulent business acts or practices. The test for determining a violation of the unfair competition law is a disjunctive one; namely, a plaintiff may show that the acts or practices at issue are either unlawful, or unfair, or deceptive. Walker v. Countrywide Home Loans, Inc. 98 Cal. App. 4th 1158, 1169 (2002) *citing* Cel-Tech Communications, Inc. v. L.A. Cellular Tel. Co. 20 Cal.4th 163, 180 (1999)  By proscribing "any unlawful"

business practice, "section 17200 borrows violations of other laws and treats them as unlawful practices" that the unfair competition law makes independently actionable. Cel-Tech Communications, Inc., 20 Cal.4th at 180. Accordingly, a "business practice is 'unlawful' if it is 'forbidden by law.'" Walker, 98 Cal. App. 4th 1169; *quoting* Farmers Ins. Exch. v. Superior Court 2 Cal. 4th 377, 383 (1992) Conversely, a plaintiff who fails to establish a violation of the predicate or underlying cause of action *also fails to allege that the business act is "unlawful" under the unfair competition law*. Walker, 98 Cal. App. 4th 1169; *quoting* Farmers Ins. Exch. v. Superior Court 2 Cal. 4th 377, 383 (1992)

### 1.  PLAINTIFFS lack standing

Foremost, PLAINTIFFS lack standing to pursue a cause of action for violation of Business and Professions Code § 17200 pursuant to Proposition 64. Proposition 64 was an initiative aimed at frivolous lawsuits in which the named plaintiff did not suffer any injury. Branick v. Downey Savings & Loan Assn. 39 Cal.4th 235, 241 (2006)  The California Supreme Court's decision in Branick specifically stated that "[a]fter Proposition 64, only those private persons "who [have] suffered injury in fact and [have] lost money or property" (§§ 17204, 17535) may sue to enforce the unfair competition and false advertising laws. Uninjured persons may not sue (§§ 17204, 17535), and private persons may no longer sue on behalf of the general public (Prop. 64, § 1, subd. (f)" Branick v. Downey Savings & Loan Assn. 39 Cal.4th 235, 241 (2006) In summary, Proposition 64 limited standing under Business and Professions Code § 17200, by providing that PLAINTIFFS cannot maintain an action unless they can show they actually lost money or property as a result of unfair or unlawful conduct.  PLAINTIFFS have suffered no damages as they are delinquent on their mortgage, and continue to live rent-free on the Subject Property.

/ / / /

/ / / /

## 2. **PLAINTIFFS fail to establish an underlying cause of action**

Furthermore, PLAINTIFFS' Complaint fails as a matter of law. PLAINTIFFS' unfair business practices claim relies on their unfounded allegations that ONEWEST violated TILA. As addressed in this Motion to Dismiss, PLAINTIFFS fail to state a cause of action for rescission or damages pursuant to TILA. Further, as stated above, PLAINTIFFS have failed to tender, and as a result have failed to state any cause of action. Karlsen, 15 Cal. App. 3d 112 (1971); Abdallah, 43 Cal. App. 4th at 1109; Miller & Star, *Cal. Real Estate* (3d ed.), Deeds of Trust, § 10:212, pp. 653-54. For all these reasons, PLAINTIFFS' Unfair Business Practices claim fails and should be dismissed.

## C. **PLAINTIFFS' Third Cause Of Action For Preliminary/Permanent Injunction Fails To State A Claim For Which Relief May Be Granted.**

PLAINTIFFS cannot bring a claim for Injunctive Relief. "Injunctive Relief is a remedy and not, itself, a cause of action, and a cause of action must exist before injunctive relief [remedy] may be granted." Shell Oil Co. v. Richter, 52 Cal. App. 2d 164(1942), 168 ; see also Major v. Miraverde Homeowners Ass'n. Inc., 7 Cal. App. 4th 618 (1992). Thus, PLAINTIFFS' request for an injunction is not a cause of action, but merely a remedy.

Further, PLAINTIFFS have unclean hands and are thereby precluded from obtaining equitable relief. The ability to tender the amount of indebtedness or cure the default is a prerequisite to challenging a foreclosure sale. Fpci Re-Hab 01 v. E & G Invs., 207 Cal. App. 3d 1018 (1989) , 1022. *"Equity will not interpose its remedial power in the accomplishment of what would be nothing but an idly and expensively futile act, nor will purposefully speculate in a field where there has been no proof as to what beneficial purpose may be subserved through its intervention."* Karlsen v. Am. Sav. & Loan Ass'n., 15 Cal. App. 3d 112, 118 (1971), quoting Leonard v. Bank of America etc. Assn., 16 Cal.App.2d 341, 344 (1936). As discussed above, PLAINTIFFS have failed to do equity. Without a

8
**POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**

CA10-99

1  valid and viable tender of payment of the indebtedness owed, PLAINTIFFS lack
2  standing to stop the foreclosure sale.   PLAINTIFFS' inability to tender the amount
3  due, or even allege that they can do so, bars their claims for injunctive relief.
4  Abdallah v. United Sav. Bank, 43 Cal. App. 4th 1101 (1996); Karlsen v. Am. Sav.
5  & Loan Ass'n., 15 Cal. App. 3d 112 (1971).

6  PLAINTIFFS' delay in seeking equitable relief is inexcusable.  *"The law
7  helps the vigilant, before those who sleep on their rights."* California Civil Code §
8  3527.   PLAINTIFFS' Complaint requests equitable relief based on acts and/or
9  omissions during loan inception in February 2007.  Yet, PLAINTIFFS' Complaint
10 was not filed until October 2, 2009.  PLAINTIFFS should not be granted equitable
11 relief when they have chosen to sleep on their rights for nearly two years.  Thus,
12 PLAINTIFFS' claim for Injunctive Relief should be denied.
13 / / / /
14 / / / /
15 / / / /
16 / / / /
17 / / / /
18 / / / /
19 / / / /
20 / / / /
21 / / / /
22 / / / /
23 / / / /
24 / / / /
25 / / / /
26 / / / /
27 / / / /
28 / / / /

McCARTHY & HOLTHUS, LLP
ATTORNEYS AT LAW
1770 FOURTH AVENUE
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 685-4800  FACSIMILE (619) 685-4811

# CONCLUSION

For the foregoing reasons, each cause of action in the Complaint should be dismissed. No cause of action, based on the facts currently alleged, can survive a Rule 12(b)(6) attack. PLAINTIFFS' Complaint is based on alleged violations of TILA. However, PLAINTIFFS cannot state a claim pursuant to TILA as they have not tendered the amount due and the statute of limitations for damages has expired. Thus, all causes of action in the Complaint, and PLAINTIFFS' Complaint in its entirety, should be dismissed. Additionally, ONEWEST requests that the Court deny leave to amend, at least as to those causes of action that are statutorily barred or otherwise cannot give rise to liability as a matter of law, because amendment of these claims would be futile.

Dated: January 19, 2010

Respectfully submitted,
**McCARTHY & HOLTHUS, LLP**

By:   /s/ Melissa Robbins
James M. Hester, Esq.
Melissa Robbins, Esq.
Anna Marie Farrales, Esq.
Attorneys for Defendant,
OneWest Bank, FSB, as successor in interest to certain assets and liabilities of Indymac Bank, FSB